UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE TANSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.   23-00872 (UNA) |
| | ) ) |
| MARRIOTT BONVOY *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

In the single-page complaint, Plaintiff, a resident of Torrance, California, alleges only that "Visa posts my debit charges when they choose to and they are always late.  PNC never has the accurate amount available.  I understand that Visa has taken over the banking system since 2000. Everything has changed."  She seeks no relief.

1

Plaintiff has not pleaded a jurisdictional basis, which is reason enough to dismiss the complaint.  Nevertheless, federal courts "are without power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]"  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted).  Therefore, this case will be dismissed by separate order.

Date: April 12, 2023

_____/s/_____
TANYA S. CHUTKAN
United States District Judge